UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAMOS TORRES,  )
   Plaintiff,  )
     )
vs.  )  No. 19-1046
     )
JOHN BALDWIN, et. al.,  )
   Defendants  )

MERIT REVIEW ORDER

COLIN S. BRUCE, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's amended complaint.[1] The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims his constitutional rights were violated at Pontiac Correctional Center by Illinois Department of Corrections Director John Baldwin, Former Warden Randy Pfister, Former Warden Guy Pierce, Former Warden Michael Melvin, Warden Teri Kennedy, Chief Engineer Dave Kennedy, Lieutenant J. Krasnican, Lieutenant Pat Todd, Lieutenant D. Scrogum, and John Does one through ten.

---

[1] Plaintiff filed an amended complaint shortly after filing his initial complaint. The amended complaint is an exact copy of the original complaint, but Plaintiff has now signed the document. [1, 8].

Plaintiff has filed his complaint as a class action lawsuit on behalf of "[a]ll current and future prisoner/inmates housed at Pontiac M.S.U. from 2012, to the present." (Comp., p. 3). However a pro se prisoner cannot represent a class of plaintiffs *See Macon v. Bustos*, 2018 WL 3954847, at *2 (C.D.Ill. Aug. 17, 2018)("Inmates proceeding *pro se* are not allowed to act as class representatives."); *Buck v. Baldwin*, 2019 WL 1111393, at *4 (S.D.Ill. March 11, 2019)("A prisoner bringing a *pro se* action cannot represent a class of plaintiffs."); *Craig v. Cohn*, 80 F.Supp.2d 944, 946 (N.D.Ind. Jan 7, 2000)(noting every court that has considered the issue found a pro se prisoner could not adequately represent the interests of other inmates). Therefore, Plaintiff will not be allowed to proceed with a class action.

In addition, Plaintiff's lawsuit includes general claims alleging unconstitutional housing conditions, and Plaintiff refers to incidents as far back as 2012. However, a prisoner who wishes to file a lawsuit pursuant to 42 U.S.C. §1983 must file his or her complaint within the two-year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992).

Plaintiff also fails to allege any specific violations of his constitutional rights. In addition, Plaintiff has named many supervisors as Defendants, but the mere fact that an individual was in a supervisory role is insufficient to establish liability under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( supervisors are not liable for the errors of their subordinates). Instead, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights" in order to

2

hold that defendant liable. *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Given the noted deficiencies with Plaintiff's complaint, the Court will dismiss Plaintiff's initial complaint, but will allow Plaintiff time to file an amended complaint. The amended complaint can be filed on behalf of the Plaintiff only, and must be limited to housing conditions which directly impacted the Plaintiff within the two-year statute of limitations period. In other words, Plaintiff should explain when and where the housing conditions occurred, who he complained to or who knew about the living conditions, and what impact the living condition had on the Plaintiff. All claims and Defendants must be identified in the amended complaint, and Plaintiff must not make reference to any previous complaint.

Plaintiff is also reminded he must be able to demonstrate he exhausted his administrative remedies for his claims before he filed his initial complaint. *See* 42 U.S.C. §1997e(a).

The Court understands Plaintiff intended to file his lawsuit as a class action, but he will be limited to living conditions claims which directed impacted Plaintiff. If Plaintiff no longer wishes to pursue his lawsuit, he may file a motion to voluntarily dismiss within 21 days or on or before _____, and the Court will dismiss his lawsuit and refund any unpaid portion of the filing fee.

IT IS THEREFORE ORDERED:

3

1) Plaintiff's amended complaint is dismissed. Plaintiff will not be allowed to proceed with a class action, some of Plaintiff's claims are barred by the two-year statute of limitations period, and his complaint is a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff may file a second amended complaint within 21 days or this order or on or before May 6, 2019 clarifying his claims and Defendants. If Plaintiff fails to file his second amended complaint on or before May 6, 2019, or fails to follow the Court's specific instructions, his case will be dismissed without prejudice.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his claims. [5]. Plaintiff's motion for a status update is also denied as moot. [10].

4) Plaintiff's motion to notify the Court that he will be requesting punitive damages is also denied as moot. [9]. Plaintiff must clarify his claims in a second amended complaint.

5) The Clerk of the Court is directed to send Plaintiff a blank complaint form to assist him and to set a revised internal merit review deadline within 21 days of this order.

ENTERED this 15th day of April, 2019.

                          s/ Colin S. Bruce
                   _____
                          COLIN S. BRUCE
                     UNITED STATES DISTRICT JUDGE